# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| ANTOINETTE WILLIAMS, ) | |
| ) | |
| *Plaintiff,* ) | |
| ) | Case No. 21-cv-04043 |
| v. ) | |
| ) | Judge Wood |
| BLH ACQUISITIONS CO., LLC, ) | Magistrate Judge Fuentes |
| MATTESON SPORTS BAR, ) | |
| d/b/a BAR LOUIE MATTSON, ) | |
| NEXGEN HOTELS ) | |
| MANAGEMENT, INC., ) | |
| and DEEPAK SHAH, ) | |
| ) | |
| *Defendants.* ) | |

## FIRST AMENDED CLASS ACTION COMPLAINT

Plaintiff Antoinette Williams brings this class action on behalf of herself and a class of similarly situated individuals pursuant to Section 16(b) of the Fair Labor Standards Act, 29 U.S.C. §§ 201, *et seq*. ("FLSA"), the Illinois Minimum Wage Act ("IMWA"), 820 ILCS 105/1 *et seq*., and the Illinois Wage Payment and Collection Act ("IWPCA"), 820 ILCS § 115/1, *et seq*., against defendants BLH Acquisitions Co., LLC, Matteson Sports Bar, d/b/a Bar Louie Matteson, Nexgen Hotels Management, Inc., and Deepak Shah (collectively, "defendants"). The basis of plaintiff's complaint is that defendants unlawfully permitted salaried, on-duty managers to share in a tip pool.

## JURISDICTION

1. This Court has subject-matter jurisdiction over this action pursuant to 29 U.S.C. §216(b), which provides that suit under the FLSA "may be maintained against any employer . . . in any Federal or State court of competent jurisdiction."

2. Additionally, this Court has original jurisdiction over this action pursuant to 28 U.S.C. §1331.

3. This Court has supplemental jurisdiction over the state claims under 28 U.S.C. § 1367.

4. Venue is proper in this District pursuant to 28 U.S.C. §1391(b), because the defendants reside in this District and do business within it. In addition, a substantial part of the events and omissions giving rise to the claims pled in this Complaint occurred within this District.

**PARTIES**

5. The plaintiff, Antoinette Williams, worked as a bartender for defendants during the applicable statute of limitation period.

6. The class members worked as bartenders for defendants during the applicable statute of limitations period.

7. At all times relevant, Ms. Williams and the class members were "employees" of defendants within the meaning of the FLSA, 29 U.S.C. § 203(e)(1), IMWL, 820 ILCS § 105/3(d), and IWPCA, 820 ILCS § 115/2.

8. Ms. Williams and the class members were "tipped employees" participating in a tip pool for defendants as defined by the FLSA, 29 U.S.C. §203(t), IMWL, 820 ILCS § 105/3(c), and IWPCA, 820 ILCS § 115/2.

9. Defendant BLH Acquisitions Co., LLC is the corporate parent of the Bar Louie restaurant chain.

10. Defendant Matteson Sports Bar, d/b/a Bar Louie Matteson, is a bar and restaurant chain that owns and operates or owned and operated several locations in Illinois, including a Bar Louie at 500 Holiday Plaza Drive, Matteson, IL.

11. Nexgen Hotels Management, Inc. is a hotel development and management company based in Schaumburg, IL that currently owns and operates Bar Louie Matteson.

12. Defendant Deepak Shah is, on information and belief, owner and operator of both Matteson Sports Bar and Nexgen Hotels Management, Inc. At all material times, Mr. Shah exercised significant control over these two corporate defendants. He had the authority to hire and fire employees, to direct and supervise their work, to make decisions regarding compensation, and to control the financial operations of the companies.

13. Mr. Shah acted and had responsibility to act on behalf and in the interests of Defendants in devising, directing, implementing and supervising the wage and hour practices and policies relating to hourly-paid employees, including those challenged in this action.

14. Defendants are "employers" within the meaning of the FLSA, 29 U.S.C. §203(d), IMWL, 820 ILCS § 105/3(c), and IWPCA, 820 ILCS § 115/2.

## FACTUAL BACKGROUND

15. Plaintiff Antoinette Williams and the class members worked for defendants as bartenders from March 2012 to March 2020.

16. Ms. Williams and the class members were classified as nonexempt under the FLSA and IMWA and were paid an hourly wage.

17. At all relevant times, defendants promised and agreed to pay Ms. Williams and the class members their hourly rate of pay for all the hours they worked.

18. Defendants took a tip credit towards its minimum wage obligation for Ms. Williams and the class members, which resulted in defendants paying them at a wage below the regular Illinois minimum wage.

19. Defendants instituted a tip pool for tipped employees to share their tips.

20. Tips belong to the employee. Under the FLSA and IMWA, all tips received (i.e., given to or designated for the employee by a patron) by a tipped employee must be retained by the employee, and the employer may only utilize the employee's tips as a partial credit against its wage payment obligations or in furtherance of a valid pooling arrangement. 29 U.S.C. § 203(m).

21. Employers, managers, and supervisors may not keep any portion of employees' tips or share in a tip pool. If management employees participate in a tip pool, it is invalid. *Id*.

22. Here, defendants instituted an invalid and illegal tip pool in violation of the FLSA and IMWL.

23. On information and belief, defendants' scheme worked as follows: all employees were required to clock in using an electronic timekeeping and data management system called Aloha.

24. On-duty managers would sometimes clock in twice: once under their real names, and a second time under fake or unused names or employee numbers.

25. Those on-duty managers would operate a register at the bar under either his or her name or the fake name or number, making drinks for customers alongside the bartenders, while simultaneously performing their managerial duties.

26. At the end of the shift, all bar tips would go into a tip pool.

27. Participation in the tip pool was mandatory and was a condition of employment.

28. The tip pool was divided by the number of total hours worked by all tipped employees for that shift, including the on-duty managers who logged in.

29. Each employee, including the on-duty managers, was paid a pro rata share of the tips corresponding to the number hours he or she worked.

30. The on-duty managers unlawfully received tips from the tip pool.

31. Defendants knew that this conduct was taking place. The store's general manager, William Gold, and Mike Wilke, Director of Operations, knew about, participated in and/or facilitated the scheme.

32. Owner Deepak Shah was also aware of this tip-sharing violation.

33. Members of Bar Louie's corporate management were also aware that this conduct was taking place. On information and belief, corporate management was informed that unlawful tip sharing was taking place at the Matteson restaurant, and someone spoke to Mr. Gold about it. His response was to laugh and say that corporate management understood salaried managers agreed to lower salaries in exchange for being allowed to unlawfully share in the tip pool; the practice continued.

34. As such, defendants' conduct was willful, in that they knew or should have known that their tip pool was illegal and invalid.

35. As a result of defendants' invalid tip pool, defendants illegally distributed tips that were Ms. Williams' and the class members' property to others.

36. On a typical weekend night, there would be up to four regular bartenders and four on-duty managers working behind the bar. All eight would share in the tip pool.

37. In order to hide the scheme, on information and belief, defendants over-declared Ms. Williams' tips to the IRS. It is unknown at this time whether defendants over-declared the tips of other class members to the IRS.

38. As a result, Ms. Williams' reported taxable income was inflated and exceeded the amount of money she actually received from defendants.

**COLLECTIVE ACTION ALLEGATIONS – COUNT I - 29 U.S.C. § 216(b)**

39. Plaintiff Antoinette Williams brings Count I below on her own behalf and on behalf of an opt-in class defined as follows:

> All individuals who were employed as bartenders or anther tipped employee position by defendant(s), their predecessors, or their successors anytime from 2018 to the present who participated in a tip pool from which manager(s) received tips.

40. Count I is brought as a collective action pursuant to 29 U.S.C. § 216(b).

41. Plaintiff is a member of the class.

42. While the precise number of the members of this class has not yet been determined, plaintiff believes defendants have employed numerous persons who have been subject to the defendants' common unlawful tip sharing practices and who constitute a class of similarly situated employees.

43. A collective action is an appropriate method for the fair and efficient adjudication of this lawsuit and distribution of the common fund to which the class is entitled.

44. Defendants' actions were willful, intentional, and knowing.

**COUNT I**
**VIOLATION OF THE FAIR LABOR STANDARDS ACT**
**Unlawful retention of tips**

45. Plaintiff restates and incorporates all of the above paragraphs by reference.

46. The Fair Labor Standards Act prohibits an employer from keeping tips received by its employees for any purposes, including allowing managers or supervisors to keep any portion of employees' tips, regardless of whether or not the employer takes a tip credit. 29 U.S.C. § 203(m)(2)(B).

47. For the purposes of the Fair Labor Standards Act, the defendants are employers. 29 U.S.C. § 203(d).

48. For the purposes of the Fair Labor Standards Act, the plaintiff and the class members are tipped employees. 29 U.S.C. § 203(t).

49. Defendants' managers participated in mandatory tip sharing along with tipped employees, including the plaintiff and the class members.

50. As a result, the defendants kept tips received by its employees in violation of 29 U.S.C. § 203(m)(2)(B).

51. Any employer who violates 29 U.S.C. § 203(m)(2)(B) ". . . shall be liable to the employee or employees affected in the amount of the sum of any tip credit taken by the employer and all such tips unlawfully kept by the employer, and in an addition equal amount as liquidated damages. 29 U.S.C. § 216(b)."

52. The defendants' actions were willful, intentional, and knowing.

53. The plaintiff and the class members were harmed by the defendants' actions.

**PRAYER FOR RELIEF AS TO COUNT I**

WHEREFORE, the plaintiff, Antoinette Williams, on behalf of herself and the FLSA opt-in collective class, prays that the Court provide the following relief as to Count I:

A. Designate and certify this action as a collective action on behalf of the FLSA opt-in collective class and issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated

members of the FLSA opt-in collective class apprising them of the pendency of this action, and permitting them to assert timely FLSA claims in this action by filing individual Consent to Sue forms pursuant to 29 U.S.C. § 216(b);

B.     Designate the plaintiff, Antoinette Williams, as the representative of the FLSA opt-in collective class, and the undersigned counsel as class counsel;

C.     Enter a declaratory judgment that the practices that form the basis for this count of the complaint are unlawful under the FLSA;

D.     Award compensatory and statutory damages, including liquidated damages, including, but not limited to, payment of all unpaid tips, payment of the difference between the tip credit and minimum wage, and compensation for any increased tax liability that resulted for Ms. Williams and/or the class members from the defendants' scheme;

E.     Award costs of the action incurred, including expert fees;

F.     Award attorneys' fees, including fees pursuant to 29 U.S.C. § 216;

G.     Award pre- and post-judgment interest; and

H.     Award all other relief, whether equitable or legal, as this Court deems necessary, just and proper.

## CLASS ACTION ALLEGATIONS – COUNTS II and III – F.R.C.P. 23

54.     Plaintiff Antoinette Williams brings Counts II and III on her own behalf and on behalf of the opt-out class of individuals defined as follows:

> All individuals who were employed as bartenders or anther tipped employee position by defendant(s), their predecessors, or their successors anytime from 2016 to the present who participated in a tip pool from which manager(s) received tips.

55.     Counts II and III are brought as opt-out class claims under F.R.C.P. 23.

56.     Plaintiff is a member of the class.

57. On information and belief, the class is so numerous that joinder of all of them is impracticable.

58. There are questions of law and fact common to the class and these questions predominate over any questions affecting only individual class members. Those common questions include whether the defendants have unlawfully permitted mangers to share in tip pools, have operated invalid tip pools, have underpaid class members, and have engaged in efforts to cover up their unlawful behavior.

59. Plaintiff's claims are typical of the class, in that she worked as a bartender, participated in a tip pool, and had her tips reduced by managers sharing in the tip pool.

60. Plaintiff will fairly and adequately represent and protect the interests of the members of the class. Plaintiff has no conflict with any other class member. Plaintiff is committed to the goal of having defendants revise their promotion practices and eliminate and/or compensate the class members for their unlawful practices.

61. Plaintiff has retained and is represented by counsel who is experienced and qualified in litigating employment discrimination class actions.

62. Class certification is appropriate pursuant to Fed.R.Civ.P. 23(b)(2) because defendants have acted or refused to act on grounds generally applicable to the class, making appropriate declaratory and injunctive relief with respect to plaintiff and the class.

63. Class certification is further appropriate pursuant to Fed.R.Civ.P. 23(b)(3) because the questions of law or fact common to class members predominate over any questions affecting only individual class members and a class action is superior to other available methods for fairly and efficiently adjudicating the controversy.

## COUNT II
## VIOLATION OF THE ILLINOIS MINUMUM WAGE ACT
**Unlawful retention of tips**

64. Plaintiff restates and incorporates all of the above paragraphs by reference.

65. The Illinois Minimum wage Act provides that "each employer desiring an allowance for gratuities [must] … provide substantial evidence that the amount claimed, which may not exceed 40% of the applicable minimum wage rate, was received by the employee in the period for which the claim of exemption is made, and no part thereof was returned to the employer." 820 ILCS 105/4(c).

66. As alleged above, defendants' managers and other non-tipped employees received tips from the tip sharing pool and defendants misrepresented the plaintiff's true income to the taxing bodies.

67. This behavior violates the IMWA, 820 ILCS 105/2(c).

68. The defendants' actions were willful, intentional, and knowing.

69. The plaintiff and the class members were harmed by the defendants' actions.

## COUNT III
## VIOLATION OF THE ILLINOIS WAGE PAYMENT AND COLLECTION ACT
**Unlawful retention of tips**

70. Plaintiff restates and incorporates all of the above paragraphs by reference.

71. The Illinois Wage Payment and Collection Act (hereinafter "IWPCA") applies to all employers and employees in this State. 820 ILCS 115/1.

72. As used in the IWPCA, the defendants are employers, and the plaintiff and class members are employees. 820 ILCS 115/2.

73. Gratuities to employees are the property of the employees, and employers shall not keep gratuities. Failure to pay gratuities owed to an employee more than 13 days after the

end of the pay period in which such gratuities were earned constitutes a violation of this Act. 820 ILCS 115/4.1.

74. Defendants kept gratuities which were the property of the plaintiff and the class members by requiring them to participate in a tip pool with salaried managers and other non-tipped employees.

75. The defendants' conduct does not fall within any of the exceptions set forth in the Illinois statute for allowing deductions from an employee's wages. 820 ILCS 115/9.

76. The IWPCS provides that "[a]ny employee not timely paid wages, final compensation, or wage supplements by his or her employer as required by this Act shall be entitled to recover through a claim filed . . . in a civil action . . . the amount of any such underpayments and damages of 5% of the amount of any such underpayments for each month following the date of payment during which such underpayments remain unpaid. In a civil action, such employee shall also recover costs and all reasonable attorney's fees." 820 ILCS 115/14(a).

77. The defendants' violations of the IWPCA were willful, intentional, and knowing.

78. The plaintiff and the class members were harmed by the defendants' actions.

**PRAYER FOR RELIEF AS TO COUNTS II AND III**

WHEREFORE, the plaintiff, Antoinette Williams, on behalf of herself and the opt-out Rule 23 class, prays that the Court provide the following relief as to Counts II and III:

A. Designate the plaintiff, Antoinette Williams, as the representative of the opt-out class, and the undersigned counsel as class counsel;

B. Enter a declaratory judgment that the practices that form the basis for this count of the complaint are unlawful under the IMWA and the IWPCA;

C. Award compensatory and statutory damages, including liquidated damages, including, but not limited to, 5% of the amount of all underpayments accrued for each month following the date of payment during which such underpayment remains unpaid pursuant to 820 ILCS §115/14;

D. Award costs of the action incurred, including expert fees;

E. Award attorneys' fees;

F. Award pre- and post-judgment interest; and

G. Award all other relief, whether equitable or legal, as this Court deems necessary, just and proper.

## **DEMAND FOR JURY TRIAL**

Plaintiff demands a trial by jury.

Filed this 4th day of October 2021                    By: /s/ Jamie S. Franklin

Jamie S. Franklin, ARDC No. 6242916
Assistant Clinical Professor of Law
The Civil Litigation Clinic at
Chicago-Kent College of Law
565 West Adams Street, Suite 600
Chicago, IL 60661
(312) 906-5048
(773) 696-1478 (fax)
jfranklin5@kentlaw.iit.edu

## **CERTIFICATE OF SERVICE**

I, the undersigned, certify that I had the foregoing Amended Class Action Complaint served via the ECF system on October 4, 2021 on the following:

/s/ Jamie S. Franklin

Service List:

Jennifer L Colvin
jennifer.colvin@ogletreedeakins.com

Michael Robert Lacy
lacy@lacyassociates.com