IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS EASTERN
DIVISION

| | |
|---|---|
| ANTOINETTE WILLIAMS,<br><br>    Plaintiff<br><br><br><br>BLH ACQUISITIONS Co., LLC MATTESON SPORTS BAR, d/b/a BAR LOUIE MATTSON, NEXGEN HOTELS MANAGEMENT, INC., and DEEPAK SHAH,<br><br>    Defendants. | Case No. 21-cv-04043<br><br>Judge Wood<br><br>Magistrate Judge Fuentes |

DEFENDANT MATTESON SPORTS BAR d/b/a ANSWER TO
THE FIRST AMENDED CLASS ACTION COMPLAINT

COMES NOW Defendant, Deepak Shah ("Shah") by and through its attorneys Lacy & Associates, LLC, for its Answer to the First Amended Complaint respectfully states as follows:

JURISDICTION

1. This Court has subject-matter jurisdiction over this action pursuant to 29 U.S.C. S216(b), which provides that suit under the FLSA "may be maintained against any employer . . . in any Federal or State court of competent jurisdiction."

**ANSWER:** Defendant admits the allegations contained in Paragraph 1 of the amended complaint.

2. Additionally, this Court has original jurisdiction over this action pursuant to 28 U.S.C. 1331.

**ANSWER:** Defendant admits the allegations contained in Paragraph 2 of the amended complaint.

3. This Court has supplemental jurisdiction over the state claims under 28 U.S.C. §1367.

**ANSWER:** Defendant admits the allegations contained in Paragraph 3 of the amended complaint.

4. Venue is proper in this District pursuant to 28 U.S.C. S 1391 (b), because the defendants reside in this District and do business within it. In addition, a substantial part of the events and omissions giving rise to the claims pled in this Complaint occurred within this District.

**ANSWER:** Defendant admits the allegations contained in Paragraph 4 of the amended complaint.

## PARTIES

5. The plaintiff, Antoinette Williams, worked as a bartender for defendants during the applicable statute of limitation period.

**ANSWER:** Defendant admits the allegations contained in Paragraph 5 of the amended complaint.

6. The class members worked as bartenders for defendants during the applicable statute of limitations period.

**ANSWER:** Defendant admits the allegations contained in Paragraph 6 of the amended complaint.

7. At all times relevant, Ms. Williams and the class members were "employees" of defendants within the meaning of the FLSA, 29 U.S.C. § $203(e)(1)$, IMWL, 820 ILCS § 105/3(d), and IWPCA, 820 ILCS 115/2.

**ANSWER:** The allegations contained in Paragraph 7 constitute legal conclusions for which no response by the Defendant is necessary.

8. Ms. Williams and the class members were "tipped employees" participating in a tip pool for defendants as defined by the FLSA, 29 U.S.C. P03(t), IMWL, 820 ILCS 105/3(c), and IWPCA, 820 ILCS 115/2.

**ANSWER:** The allegations contained in Paragraph 8 constitute legal conclusions for which no response by the Defendant, Matteson Property, is necessary.

9. Defendant BLH Acquisitions Co., LLC is the corporate parent of the Bar Louie restaurant chain.

**ANSWER**: Defendant, Property, lacks sufficient knowledge to form a belief of its truth and therefore neither admits nor denies the allegations contained Paragraph 9 of the Complaint.

10. Defendant Matteson Sports Bar, d/b/a Bar Louie Matteson, is a bar and restaurant chain that owns and operates or owned and operated several locations in Illinois, including a Bar Louie at 500 Holiday Plaza Drive, Matteson, IL.

**ANSWER:** Defendant, denies the allegations contained in Paragraph 10 of the Complaint.

11. Nexgen Hotels Management, Inc. is a hotel development and management company based in Schaumburg, IL that currently owns and operates Bar Louie Matteson.

**ANSWER:** Defendant, denies the allegations contained in Paragraph 11 of the Complaint.

12. Defendant Deepak Shah is, on information and belief, owner and operator of both Matteson Sports Bar and Nexgen Hotels Management, Inc. At all material times, Mr. Shah exercised significant control over these two corporate defendants. He had the authority to hire and fire employees, to direct and supervise their work, to make decisions regarding compensation, and to control the financial operations of the companies.

**ANSWER:** Defendant, Shah, denies the allegations contained in Paragraph 12 of the Complaint. Deepak Shah has no interest in Nexgen Hotels Management, Inc. nor does Nexgen Hotels Management, Inc operate or has ever operated the Matteson Sports Bar. Mr. Shah, personally, at no time hired or fired employees or instituted a tip-pool arrangement at Matteson Sport Bar. The Matteson Sports Bar is currently operated by a court appointed receiver and has been since November of 2019. Prior to the appointment of the Receiver, the day-to- day operations of the Matteson Sports Bar were under the control of a Director of Operations and a General Manager.

13. Mr. Shah acted and had responsibility to act on behalf and in the interests of Defendants in devising, directing, implementing and supervising the wage and hour practices and policies relating to hourly-paid employees, including those challenged in this action.

**ANSWER:** Defendant, denies the allegations contained in Paragraph 13. Mr. Shah personally had no such obligations and employed a Director of Operations and General Manager to address these issues on behalf of Defendant, Matteson Sports Bar.

14. Defendants are "employers" within the meaning of the FLSA, 29 U.S.C. 5203(d), IMWL, 820 ILCS 105/3(c), and IWPCA, 820 ILCS 115/2.

**ANSWER:** The allegations contained in Paragraph 14 constitute legal conclusions for which no response by the Defendant, Matteson Sports Bar, is necessary

FACTUAL BACKGROUND

15. Plaintiff Antoinette Williams and the class members worked for defendants as bartenders from March 2012 to March 2020.

**ANSWER:** Defendant, denies the allegations contained in Paragraph 15 of the Complaint.

16. Ms. Williams and the class members were classified as nonexempt under the FLSA and IMWA and were paid an hourly wage.

**ANSWER:** The allegations contained in Paragraph 16 constitute legal conclusions for which no response by the Defendant, Matteson Sports Bar, is necessary

17. At all relevant times, defendants promised and agreed to pay Ms. Williams and the class members their hourly rate of pay for all the hours they worked.

**ANSWER:** Defendant, did not personally employ the Ms. Williams or the class members and therefore denies the allegations contained in Paragraph 17 of the Complaint.

18. Defendants took a tip credit towards its minimum wage obligation for Ms. Williams and the class members, which resulted in defendants paying them at a wage below the regular Illinois minimum wage.

**ANSWER:** Defendant, denies the allegations contained in Paragraph 18 of the Complaint.

19. Defendants instituted a tip pool for tipped employees to share their tips.

**ANSWER:** Defendant, admits the allegations contained in Paragraph 19 of the Complaint.

20. Tips belong to the employee. Under the FLSA and IMWA, all tips received (i.e., given to or designated for the employee by a patron) by a tipped employee must be retained by the employee, and the employer may only utilize the employee's tips as a partial credit against its wage payment obligations or in furtherance of a valid pooling arrangement. 29 U.S.C. 203(m).

**ANSWER:** The allegations contained in Paragraph 20 constitute legal conclusions for which no response by the Defendant, Matteson Sports Bar, is necessary.

21. Employers, managers, and supervisors may not keep any portion of employees' tips or share in a tip pool. If management employees participate in a tip pool, it is invalid. Id.

**ANSWER:** The allegations contained in Paragraph 21 constitute legal conclusions for which no response by the Defendant, Shah, is necessary

22. Here, defendants instituted an invalid and illegal tip pool in violation of the FLSA and IMWL.

**ANSWER:** Defendant, denies the allegations contained in Paragraph 22 of the Complaint.

23. On information and belief, defendants' scheme worked as follows: all employees were required to clock in using an electronic timekeeping and data management system called Aloha.

**ANSWER:** Defendant, admits that all employees were required to clock in to Aloha, but deny it was any part of a scheme to deprive employees of tips or other compensation due the employees.

24. On-duty managers would sometimes clock in twice: once under their real names, and a second time under fake or unused names or employee numbers.

**ANSWER:** Defendant, denies the allegations contained in Paragraph 24 of the Complaint.

25. Those on-duty managers would operate a register at the bar under either his or her name or the fake name or number, making drinks for customers alongside the bartenders, while simultaneously performing their managerial duties.

**ANSWER:** Defendant, denies the allegations contained in Paragraph 25 of the Complaint.

26. At the end of the shift, all bar tips would go into a tip pool.

**ANSWER:** Defendant, admits the allegations contained in Paragraph 26 of the Complaint.

27. Participation in the tip pool was mandatory and was a condition of employment.

**ANSWER:** Defendant, denies the allegations contained in Paragraph 27 of the Complaint.

28. The tip pool was divided by the number of total hours worked by all tipped employees for that shift, including the on-duty managers who logged in.

**ANSWER:** Defendant, denies the allegations contained in Paragraph 28 of the Complaint.

29. Each employee, including the on-duty managers, was paid a pro rata share of the tips corresponding to the number hours he or she worked.

**ANSWER:** Defendant, denies the allegations contained in Paragraph 29 of the Complaint.

30. The on-duty managers unlawfully received tips from the tip pool.

**ANSWER:** Defendant, denies the allegations contained in Paragraph 30 of the Complaint.

31. Defendants knew that this conduct was taking place. The store's general manager, William Gold, and Mike Wilke, Director of Operations, knew about, participated in and/or facilitated the scheme.

**ANSWER:** Defendant, Shah, denies that he was aware that the conduct alleged was taking place.

32. Owner Deepak Shah was also aware of this tip-sharing violation.

**ANSWER:** Defendant, denies the allegations contained in Paragraph 32 of the Complaint.

33. Members of Bar Louie's corporate management were also aware that this conduct was taking place. On information and belief, corporate management was informed that unlawful tip sharing was taking place at the Matteson restaurant, and someone spoke to Mr. Gold about it. His response was to laugh and say that corporate management understood salaried managers agreed to lower salaries in exchange for being allowed to unlawfully share in the tip pool; the practice continued.

**ANSWER:** Defendant, lacks sufficient knowledge to form a belief of its truth and therefore neither admits nor denies the allegations contained Paragraph 33 of the Complaint

34. As such, defendants' conduct was willful, in that they knew or should have known that their tip pool was illegal and invalid.

**ANSWER:** Defendant, denies the allegations contained in Paragraph 34 of the Complaint.

35. As a result of defendants' invalid tip pool, defendants illegally distributed tips that were Ms. Williams' and the class members' property to others.

**ANSWER:** Defendant, denies the allegations contained in Paragraph 35 of the Complaint.

36. On a typical weekend night, there would be up to four regular bartenders and four on-duty managers working behind the bar. All eight would share in the tip pool.

**ANSWER:** Defendant denies that any managers would share in the tip pool. It admits the other allegations of paragraph 36 of the complaint.

37. In order to hide the scheme, on information and belief, defendants over-declared Ms. Williams' tips to the IRS. It is unknown at this time whether defendants over-declared the tips of other class members to the IRS.

**ANSWER:** Defendant, denies the allegations contained in Paragraph 37 of the Complaint.

38. As a result, Ms. Williams' reported taxable income was inflated and exceeded the amount of money she actually received from defendants.

**ANSWER:** Defendant, denies the allegations contained in Paragraph 38 of the Complaint.

### COLLECTIVE ACTION ALLEGATIONS - COUNT I - 29 U.S.C. 216(b)

39. Plaintiff Antoinette Williams brings Count I below on her own behalf and on behalf of an opt-in class defined as follows:

> All individuals who were employed as bartenders or an other tipped employee position by defendant(s), their predecessors, or their successors anytime from 2018 to the present who participated in a tip pool from which manager(s) received tips.

**ANSWER:** Defendant admits that Plaintiff has brought the allegation as a purported member of the defined class but denies she is a member of the class or that such a class exists.

40. Count I is brought as a collective action pursuant to 29 U.S.C. 216(b).

**ANSWER:** Defendant, admits the allegations contained in Paragraph 40 of the Complaint.

41. Plaintiff is a member of the class.

**ANSWER:** Defendant, denies the allegations contained in Paragraph 41 of the Complaint.

42. While the precise number of the members of this class has not yet been determined, plaintiff believes defendants have employed numerous persons who have been subject to the defendants' common unlawful tip sharing practices and who constitute a class of similarly situated employees.

**ANSWER:** Defendant, denies the allegations contained in Paragraph 42 of the Complaint and submits that no such class exits among the employees of Defendant.

43. A collective action is an appropriate method for the fair and efficient adjudication of this lawsuit and distribution of the common fund to which the class is entitled.

**ANSWER:** Defendant, denies the allegations contained in Paragraph 43 of the Complaint.

44. Defendants' actions were willful, intentional, and knowing.

**ANSWER:** Defendant, denies the allegations contained in Paragraph 44 of the Complaint.

## COUNT I
## VIOLATION OF THE FAIR LABOR STANDARDS ACT

### Unlawful Retention of Tips

45. Plaintiff restates and incorporates all of the above paragraphs by reference.

**ANSWER:** Defendant incorporates its answers to Paragraphs 1-44 above as if originally set forth in response to Count I, paragraph 45 of the amended complaint.

46. The Fair Labor Standards Act prohibits an employer from keeping tips received by its employees for any purposes, including allowing managers or supervisors to keep any portion of employees' tips, regardless of whether or not the employer takes a tip credit. 29 U.S.C.203(m).

**ANSWER:** The allegations contained in Paragraph 46 constitute legal conclusions for which no response by the Defendant Shah, is necessary

47. For the purposes of the Fair Labor Standards Act, the defendants are employers. 29 U.S.C. 203(d).

**ANSWER:** The allegations contained in Paragraph 47 constitute legal conclusions for which no response by the Defendant, Shah, is necessary.

48. For the purposes of the Fair Labor Standards Act, the plaintiff and the class members are tipped employees. 29 U.S.C. 203(t).

**ANSWER:** The allegations contained in Paragraph 48 constitute legal conclusions for which no response by the Defendant, Matteson Sports Bar, is necessary.

49. Defendants' managers participated in mandatory tip sharing along with tipped employees, including the plaintiff and the class members.

**ANSWER:** Defendant, denies the allegations contained in Paragraph 49 of the Complaint.

50. As a result, the defendants kept tips received by its employees in violation of 29 U.S.C.203(m).

**ANSWER:** Defendant, denies the allegations contained in Paragraph 50 of the Complaint.

51. Any employer who violates 29 U.S.C. 203(m)(2)(B) ". . . shall be liable to the employee or employees affected in the amount of the sum of any tip credit taken by the employer and all such tips unlawfully kept by the employer, and in an addition equal amount as liquidated damages. 29 U.S.C. 216(b)."

**ANSWER:** Defendant admits that the language set forth by the Plaintiff in paragraph 51 is taken from the cited statute.

52. The defendants' actions were willful, intentional, and knowing.

**ANSWER:** Defendant, denies the allegations contained in Paragraph 52 of the Complaint.

53. The plaintiff and the class members were harmed by the defendants' actions.

**ANSWER:** Defendant, denies the allegations contained in Paragraph 53 of the Complaint.

WHEREFORE, the Defendant Deepak Shah respectfully requests this Court to enter judgment dismissing Count I of the Complaint with prejudice and for any further relief that the Court deems appropriate.

CLASS ACTION ALLEGATIONS - COUNTS II and III - F.R.C.P. 23

54. Plaintiff Antoinette Williams brings Counts II and III on her own behalf and on behalf of the opt-out class of individuals defined as follows:

> All individuals who were employed as bartenders or anther tipped employee position by defendant(s), their predecessors, or their successors anytime from 2016 to the present who participated in a tip pool from which manager(s) received tips.

**ANSWER:** Defendant admits that Antoinette Williams brought Counts I and II on her behalf and on behalf of the opt-out class of individuals defined in paragraph 54, but denies that such a class exists among the employees of the Defendant.

55. Counts II and III are brought as opt-out class claims under F.R.C.P. 23.

**ANSWER:** Defendant, admits the allegations contained in Paragraph 55 of the Complaint.

56. Plaintiff is a member of the class.

**ANSWER:** Defendant, denies the allegations contained in Paragraph 56 of the Complaint.

57. On information and belief, the class is so numerous that joinder of all of them is impracticable.

**ANSWER:** Defendant, denies the allegations contained in Paragraph 57 of the Complaint.

58. There are questions of law and fact common to the class and these questions predominate over any questions affecting only individual class members. Those common questions include whether the defendants have unlawfully permitted mangers to share in tip pools, have operated invalid tip pools, have underpaid class members, and have engaged in efforts to cover up their unlawful behavior.

**ANSWER:** Defendant, denies the allegations contained in Paragraph 58 of the Complaint.

59. Plaintiffs' claims are typical of the class, in that she worked as a bartender, participated in a tip pool, and had her tips reduced by managers sharing in the tip pool.

**ANSWER:** Defendant, denies the allegations contained in Paragraph 59 of the Complaint.

60. Plaintiff will fairly and adequately represent and protect the interests of the members of the class. Plaintiff has no conflict with any other class member. Plaintiff is committed to the goal of having defendants revise their promotion practices and eliminate and/or compensate the class members for their unlawful practices.

**ANSWER:** The allegations contained in Paragraph 60 constitute legal conclusions for which no response by the Defendant is necessary.

61. Plaintiff has retained and is represented by counsel who is experienced and qualified in litigating employment discrimination class actions.

**ANSWER**: Defendant, lacks sufficient knowledge to form a belief of its truth and therefore neither admits nor denies the allegations contained Paragraph 61 of the Complaint.

62. Class certification is appropriate pursuant to Fed.R.Civ.P. 23(b)(2) because defendants have acted or refused to act on grounds generally applicable to the class, making appropriate declaratory and injunctive relief with respect to plaintiff and the class.

**ANSWER:** Defendant, denies the allegations contained in Paragraph 62 of the Complaint.

63. Class certification is further appropriate pursuant to Fed.R.Civ.P. 23(b)(3) because the questions of law or fact common to class members predominate over any questions affecting only individual class member and a class action is superior to other available methods for fairly and efficiently adjudicating the controversy.

**ANSWER:** Defendant, denies the allegations contained in Paragraph 63 of the Complaint.

## COUNT II
## VIOLATION OF THE ILLINOIS MINUMUM WAGE ACT

Unlawful retention of tips

64. Plaintiff restates and incorporates all of the above paragraphs by reference.

**ANSWER:** Defendant incorporates its answers to Paragraphs 1-63 above as if originally set forth in response to Count II, paragraph 64 of the Complaint.

65. The Illinois Minimum Wage Act provides that "each employer desiring an allowance for gratuities [must] . . . provide substantial evidence that the amount claimed, which may not exceed 40% of the applicable minimum wage rate, was received by the employee in the period for which the claim of exemption is made, and no part thereof was returned to the employer." 820 ILCS 105/4(c).

**ANSWER:** Defendant admits that the language set forth by the Plaintiff in paragraph 65 is taken from the cited statute.

66. As alleged above, defendants' managers and other non-tipped employees received tips from the tip sharing pool and defendants misrepresented the plaintiffs' true income to the taxing bodies.

**ANSWER:** Defendant, denies the allegations contained in Paragraph 66 of the Complaint.

67. This behavior violates the IMWA, 820 ILCS 105/2(c).

**ANSWER:** Defendant, denies the allegations contained in Paragraph 67 of the Complaint.

68. The defendants' actions were willful, intentional, and knowing.

**ANSWER:** Defendant, denies the allegations contained in Paragraph 68 of the Complaint.

69. The plaintiff and the class members were harmed by the defendants' actions.

**ANSWER:** Defendant, denies the allegations contained in Paragraph 69 of the Complaint.

WHEREFORE, the Defendant, Deepak Shah, respectfully requests this Court to enter judgment dismissing Count II of the Complaint with prejudice and for any further relief that the Court deems appropriate.

## COUNT III
## VIOLATION OF THE ILLINOIS WAGE PAYMENT AND COLLECTION ACT
### Unlawful retention of tips

70. Plaintiff restates and incorporates all of the above paragraphs by reference.

**ANSWER:** Defendant incorporates its answers to Paragraphs 1-69 above as if originally set forth in response to Count III, paragraph 70 of the amended complaint.

71. The Illinois Wage Payment and Collection Act (hereinafter "IWPCA") applies to all employers and employees in this State. 820 ILCS 115/1.

**ANSWER:** Defendant admits the allegations contained in Paragraph 71 of the Complaint.

72. As used in the IWPCA, the defendants are employers, and the plaintiff and class members are employees. 820 ILCS 115/2.

**ANSWER:** Defendant, Shah, denies he, individually, is an employer and therefore denies the allegations contained in Paragraph 72 of the Complaint.

73. Gratuities to employees are the property of the employees, and employers shall not keep gratuities. Failure to pay gratuities owed to an employee more than 13 days after the end of the pay period in which such gratuities were earned constitutes a violation of this Act. 820 ILCS 115/4.1.

**ANSWER:** Defendant admits that the language set forth by the Plaintiff in paragraph 73 is taken from the cited statute.

74. Defendants kept gratuities which were the property of the plaintiff and the class members by requiring them to participate in a tip pool with salaried managers and other nontipped employees.

**ANSWER:** Defendant, Shah, denies the allegations contained in Paragraph 74 of the Complaint.

75. The defendants' conduct does not fall within any of the exceptions set forth in the Illinois statute for allowing deductions from an employee's wages. 820 ILCS 115/9.

**ANSWER:** The allegations contained in Paragraph 75 constitute legal conclusions for which no response by the Defendant, Matteson Sports Bar, is necessary

76. The IWPCS provides that "[a]ny employee not timely paid wages, final compensation, or wage supplements by his or her employer as required by this Act shall be entitled to recover through a claim filed . . . in a civil action . . . the amount of any such underpayments and damages of 5% of the amount of any such underpayments for each month following the date of payment during which such underpayments remain unpaid. In a civil action, such employee shall also recover costs and all reasonable attorney's fees." 820 ILCS 115/146).

**ANSWER:** Defendant admits that the language set forth by the Plaintiff in paragraph 76 is taken from the cited statute.

77. The defendants' violations of the IWPCA were willful, intentional, and knowing.

**ANSWER:** Defendant, denies the allegations contained in Paragraph 77 of the Complaint.

78. The plaintiff and the class members were harmed by the defendants' actions.

**ANSWER:** Defendant, denies the allegations contained in Paragraph 78 of the Complaint.

WHEREFORE, the Defendant, Deepak Shah, respectfully requests this Court to enter judgment dismissing Count III of the Complaint with prejudice and for any further relief that the Court deems appropriate.

Filed this 7th day of September 2022

By: s/Michael Lacy

Michael Lacy #3124551
Lacy & Associates, LLC
930 N. York Road, Ste. 212
Hinsdale, Illinois 60521
630-873-3484
lacy@lacyassociates.com

## CERTIFICATE OF SERVICE

I, hereby, certify that on September 7, 2022, I electronically filed the foregoing with the Clerk of the United States District Court for the Northern District of Illinois by using the CM/ECF system. I certify that all participants in the case are registered for United States District Court for the Northern District of Illinois CM/ECF users and that service will be accomplished by the CM/ECF system.

                                                                         _____
                                                                                  s/Michael Lacy
                                                                            Counsel for Plaintiff

Michael Lacy #3124551
Lacy & Associates, LLC
930 N. York Road, Ste. 212
Hinsdale, Illinois 60521
630-873-3484
lacy@lacyassociates.com

## SERVICE LIST

Jamie Franklin
Law Offices of Chicago Kent
565 W. Adams, Suite 600
Chicago, Illinois 60661
Phone: (312) 906-5048
Fax: (773) 696-1478
Jfranklin5@kentlaw.iit.edu

Ogletree, Deakins, Nash, Smoak & Stewaet, P.C.
155 North Wacker Drive, Suite 4300
Chicago, Illinois 60606
(312) 558-1234
ebony.smith@ogletree.com
jennifer.colvin@ogletreedeakins.com