IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ANTOINETTE WILLIAMS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 21-cv-04043 |
| v. ) | |
| ) | Judge Andrea R. Wood |
| MATTESON SPORTS BAR d/b/a BAR ) | |
| LOUIE MATTESON, et al., ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Antoinette Williams worked as a bartender at a Bar Louie restaurant and bar in Matteson, Illinois ("Matteson Bar Louie") owned and operated by Defendants Matteson Sports Bar and Deepak Shah. Williams alleges that Defendants allowed on-duty managers unlawfully to receive tips from a tip pool intended for tipped employees. As a result, she has brought this suit on behalf of herself and a putative class of similarly situated employees under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, the Illinois Wage Payment and Collection Act ("IWPCA"), 820 ILCS 115/1 *et seq.*, and the Illinois Minimum Wage Law ("IMWL"), 820 ILCS 105/1 *et seq.* Now, Williams seeks certification of a plaintiff class with respect to the IWPCA and IMWL claims pursuant to Federal Rule of Civil Procedure 23(b)(3) (Dkt. No. 49) and conditional certification of a collective action pursuant to § 216(b) of the FLSA, 29 U.S.C. § 216(b) (Dkt. No. 50). For the reasons that follow, Williams's motion to certify a Rule 23 class is denied, but her motion to conditionally certify a collective action is granted.

## BACKGROUND

The following facts are uncontested and taken from the record.

From March 2012 through March 2020, Williams worked as a bartender at the Matteson Bar Louie owned and operated by Defendants. During Williams's employment, Defendants took a tip credit toward their minimum wage obligations to bartenders, which resulted in the bartenders being paid a wage below Illinois's minimum wage. Beginning in 2016, the Matteson Bar Louie's managers instituted a mandatory tip pool for bartenders and other tipped employees to share tips among themselves. However, according to Williams, Defendants unlawfully permitted the Matteson Bar Louie's salaried managers to take tips from the tip pool. In her Second Amended Complaint (Dkt. No. 44), Williams asserts FLSA, IWPCA, and IMWL claims against Defendants on behalf of herself and a putative class of similarly situated Matteson Bar Louie bartenders and tipped employees.

## DISCUSSION

Before the Court are Williams's motions to certify the proposed Rule 23 class and to conditionally certify the proposed collective action. In particular, Williams seeks certification of a Rule 23(b)(3) class with respect to her IWPCA and IMWL claims; and for her FLSA claim, she seeks conditional certification of a collective action pursuant to § 216(b). Williams proposes the following definition for her Rule 23(b)(3) class:

> All individuals who were employed as bartenders or another tipped employee position by defendant(s), their predecessors, or their successors anytime from November 2016 to November 2019 who participated in a tip pool from which manager(s) received tips.

Similarly, she proposes a FLSA collective action on behalf of:

> All individuals who were employed as bartenders or another tipped employee position by defendant(s), their predecessors, or their successors anytime from 2016 to the present who participated in a tip pool from which manager(s) received tips.

2

The Court begins with the motion for Rule 23 class certification before turning to the motion for conditional certification of the FLSA collective action.

  I.   **Rule 23 Class Certification**

Federal Rule of Civil Procedure 23 governs class certification. To be certified, a proposed class must first satisfy the requirements of Rule 23(a), which allows certification only if:

> (1) the class is so numerous that joinder of all members is impracticable;
>
> (2) there are questions of law or fact common to the class;
>
> (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and
>
> (4) the representative parties will fairly and adequately protect the interests of the class.

Fed. R. Civ. P. 23(a); *Messner v. Northshore Univ. HealthSystem*, 669 F.3d 802, 811 (7th Cir. 2012). If Rule 23(a) is satisfied, then the proposed class must also fall within one of the three alternatives set out in Rule 23(b). *Lacy v. Cook County*, 897 F.3d 847, 864 (7th Cir. 2018). In this case, Williams seeks certification under Rule 23(b)(3), which requires that "questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy."

Williams has the burden of showing by a preponderance of the evidence that Rule 23 has been satisfied. *Lacy*, 897 F.3d at 863. Moreover, Rule 23 is not "a mere pleading standard." *Comcast Corp. v. Behrend*, 569 U.S. 27, 33 (2013) (internal quotation marks omitted). Rather, the plaintiff must "must affirmatively demonstrate [her] compliance with Rule 23" through evidentiary proof. *Id.* (internal quotation marks omitted). A district court must conduct a "rigorous analysis" before determining whether the plaintiff has satisfied each of Rule 23's requirements. *Id.* (internal quotation marks omitted).

3

In opposing class certification, Defendants focus solely on Rule 23(a)'s numerosity requirement. Specifically, Williams estimates that her proposed class would consist of 33 members, which Defendants argue falls short of the Seventh Circuit's 40-member threshold. Although not a bright-line rule, the Seventh Circuit has recognized that "a forty-member class is often regarded as sufficient to meet the numerosity requirement." *Mulvania v. Sheriff of Rock Island Cnty.*, 850 F.3d 849, 859 (7th Cir. 2017). At the same time, it has held that "[t]he key to the numerosity inquiry under Rule 23(a)(1) is not the number of class members alone but the practicability of joinder." *Anderson v. Weinert Enters., Inc.*, 986 F.3d 773, 777 (7th Cir. 2021). Thus, that Williams's proposed class would have fewer than 40 members is not, by itself, fatal to class certification.

Ultimately, whether a class is sufficiently numerous for purposes of Rule 23(a)(1) "requires an evaluation of the nature of the action, the size of the individual claims, and the location of the members of the class or the property that is the subject matter of the dispute." *Id.* (internal quotation marks omitted). Yet Williams addresses none of those factors. Instead, her only argument in favor of numerosity is that 33 is close enough to 40. That contention alone does not suffice to satisfy the numerosity requirement. Given that Williams seeks to certify a class of fewer than 40 members, it is particularly important she demonstrate that joinder is impracticable. *See Anderson*, 986 F.3d at 778 ("As the party with the burden of proof, [the plaintiff] needed to attend diligently in the district court to the demands of Rule 23."); *Marcial v. Coronet Ins. Co.*, 880 F.2d 954, 957 (7th Cir. 1989) (explaining that a plaintiff "cannot rely on conclusory allegations that joinder is impractical"); *Riordan v. Smith Barney*, 113 F.R.D. 60, 62 (N.D. Ill. 1986) ("When the class is large, numbers alone are dispositive, but when the class is small, factors other than numbers are significant."). Her lack of proof on that issue is fatal to her ability

to satisfy the numerosity requirement. *E.g.*, *Wright v. City of Calumet*, No. 14 C 10351, 2015 WL 13427811, at *1 (N.D. Ill. Nov. 6, 2015) (finding that the plaintiff failed to satisfy the numerosity requirement where the class consisted of, at most, 31 members and the "plaintiff offered no evidence that suggests joinder is impracticable").

Williams's failure to show that her proposed class is so numerous that joinder would be impracticable precludes class certification. *See Pruitt v. City of Chicago*, 472 F.3d 925, 926 (7th Cir. 2006) ("[I]f joinder would be practical then the other [Rule 23] criteria don't matter."). Accordingly, her motion for class certification is denied.

## II. FLSA Collective Action

Williams also seeks conditional certification of a FLSA collective action. Section 216(b) of the FLSA authorizes collective actions "against any employer . . . by any one or more employees for and in behalf of himself or themselves and other employees similarly situated." 29 U.S.C. § 216(b). The primary difference between a FLSA collective action and a Rule 23 class action "is that plaintiffs who wish to be included in a collective action must affirmatively opt-in to the suit by filing a written consent with the court, while the typical class action includes all potential plaintiffs that meet the class definition and do not opt-out." *Alvarez v. City of Chicago*, 605 F.3d 445, 448 (7th Cir. 2010).

Although "[t]he FLSA does not specify the details of how collective actions are to proceed," district courts within the Seventh Circuit typically employ a "two-step process for determining whether an FLSA lawsuit should proceed as a collective action." *Jirak v. Abbott Lab'ys, Inc.*, 566 F. Supp. 2d 845, 847 (N.D. Ill. 2008). At the first step, the plaintiff must "establish that the potential class members are similarly situated by making a modest factual showing that they were victims of a common policy or plan to violate the law." *Sanchez v. Roka Akor Chi. LLC*, No. 14-cv-4645, 2016 WL 74668, at *5 (N.D. Ill. Jan. 7, 2016). "If the plaintiff

5

can make this minimal showing, the class is conditionally certified and notice is sent to potential class members, giving them an opportunity to opt in." *Jirak*, 566 F. Supp. 2d at 847. Step two "occurs after the parties have engaged in discovery and the opt-in process is completed," and entails a more stringent inquiry. *Id.* at 848. At that point, "[o]nce it is known which employees will be part of the class, the court must reevaluate the conditional certification to determine whether there is sufficient similarity between the named and opt-in plaintiffs to allow the matter to proceed to trial on a collective basis." *Elder v. Comcast Corp.*, No. 12 C 1157, 2015 WL 3475968, at *5 (N.D. Ill. June 1, 2015) (internal quotation marks omitted).

Procedurally, the Court treats Williams's motion for conditional certification as a step-one inquiry. While the parties have completed fact discovery and the universe of potential participants in the collective action is known, notice has not yet been sent to potential members of the collective action and the actual composition the collective action—*i.e.*, who will opt in—is not known. The more rigorous step-two analysis should not be undertaken until the parties have the benefit of knowing the composition of the opt-in class. *See Briggs v. PNC Fin. Servs. Grp., Inc.*, No. 15 C 10447, 2016 WL 401701, at *2 (N.D. Ill. Jan 20, 2016) ("[T]he purpose of conditional certification is to determine the size and contour of the group of employees who may become collective members and whether those potential members are 'similarly situated.'"). In opposing conditional certification at step one, Defendants solely rely on the same argument that they raised in opposition to certification of the Rule 23 class: lack of numerosity. That raises the question of whether a FLSA collective action requires numerosity just like for a Rule 23 class action.

The Seventh Circuit has observed that notwithstanding "the difference between a collective action and a class action and the absence from the collective-action section of the

[FLSA] of the kind of detailed procedural provisions found in Rule 23, there isn't a good reason to have different standards for the certification of the two different types of action." *Espenscheid v. DirectSat USA, LLC*, 705 F.3d 770, 772 (7th Cir. 2013) (citation omitted). The Seventh Circuit has further noted that "the case law has largely merged the standards, though with some terminological differences" *Id.* What is unclear is whether *Espenscheid*'s analysis was context-specific or whether the Seventh Circuit meant to import all of Rule 23's procedural provisions to the FLSA collective action analysis. In support of the former reading, *Espenscheid* contains language suggesting that the Seventh Circuit's analysis was limited to the particular circumstances before it: "The only difference ***of moment*** between the two types of action"; "Simplification is desirable in law, ***especially in the present context***"; "And so we can, with no distortion of our analysis, treat the entire ***set of suits before us*** as if it were a single class action." *Id.* at 771–72 (emphasis added); *see also Johnson v. Pinstripes, Inc.*, No. 12 C 1018, 2013 WL 5408657, at *7 n.4 (N.D. Ill. Sept. 26, 2013) ("[T]he *Espenscheid* court specifically noted that the differences in class actions and collective actions did not bear on that particular case, and thus the standards could be merged in that case.").

District courts within this Circuit are divided on how to interpret *Espenscheid*'s language regarding the relationship between the Rule 23 and collective action standards. Some courts simply accept *Espenscheid* as requiring the application of Rule 23 standards to FLSA collective actions. *E.g.*, *Osterholt v. Corepower Yoga, LLC*, No. 16 CV 5089, 2017 WL 2180483, at *1 (N.D. Ill. May 18, 2017); *Elder*, 2015 WL 3475968, at *5; *Dailey v. Groupon, Inc.*, No. 11 C 05685, 2014 WL 4379232, at *4 (N.D. Ill. Aug. 27, 2014). Other courts treat that language as *dicta* and reject the notion that *Espenscheid* stands for the proposition "that Rule 23 considerations apply to § 216(b) collective actions." *Reed v. Methodist Health Servs. Corp.*, No.

19-cv-1412, 2021 WL 1082010, at *8 (C.D. Ill. Mar. 1, 2021). Outside of this Circuit, the overwhelming majority of courts reject the proposition that the Rule 23 and collective action analyses are the same. *E.g.*, *Scott v. Chipotle Mexican Grill, Inc.*, 954 F.3d 502, 518 (2d Cir. 2020) ("[I]t is already well established that the FLSA's 'similarly situated' requirement is independent of, and unrelated to Rule 23's requirements, and that it is quite distinct from the much higher threshold of demonstrating that common questions of law and fact will predominate for Rule 23 purposes. Nearly every circuit to consider the relationship between the modern Rule 23 and § 216(b) has reached the same conclusion." (internal quotation marks and citations omitted)); *Campbell v. City of Los Angeles*, 903 F.3d 1090, 1111 (9th Cir. 2018) (opining that *Espenscheid*'s "minority approach rests improperly on an analogy to Rule 23 lacking in support in either the FLSA or the Federal Rules of Civil Procedure").

To the extent *Espenscheid* might be read as imposing any of Rule 23's standards onto collective actions, this Court does not conclude that the Seventh Circuit went so far as to subject collective actions to a numerosity requirement. *Espenscheid* is better understood as simply recognizing that the collective action and class action analyses often overlap. Indeed, at the second step of the collective action process, district courts must consider the following: "(1) whether the plaintiffs share similar or disparate factual and employment settings; (2) whether the various affirmative defenses available to the defendant would have to be individually applied to each plaintiff; and (3) fairness and procedural concerns." *Elder*, 2015 WL 3475968, at *5. When a case joins a Rule 23(b)(3) class action with a collective action, many aspects of the court's analysis of the Rule 23(b)(3) requirements of commonality, typicality, adequacy of representation, predominance, and superiority may play a significant role in its evaluation of the

8

collective action considerations as well. But the Rule 23 numerosity analysis does little to inform any particular collective action consideration.

Certainly, the Seventh Circuit "did not expressly engraft a numerosity requirement onto the FLSA conditional certification standard." *Laughlin v. Jim Fischer, Inc.*, No. 16-C-1342, 2018 WL 2538356, at *8 (E.D. Wis. June 4, 2018). Numerosity was not even "an issue in *Espenscheid* because the proposed class consisted of a large number of class members, 2,341 individuals." *Reed*, 2021 WL 1082010, at *8. Whereas numerosity is an express requirement for a Rule 23 class action, there is no such requirement in § 216(b). And demanding numerosity in the absence of statutory language requiring it would be inconsistent with the command that the FLSA be interpreted "broad[ly] and comprehensive[ly] in order to accomplish the remedial purposes of the Act." *Sec'y of Lab. v. Lauritzen*, 835 F.2d 1529, 1534 (7th Cir. 1987).

This Court need not decide whether *Espenscheid* effected any broader merger of the collective action and Rule 23 standards because Defendants only oppose Williams's motion for conditional certification of collective action on numerosity grounds. On that point, the Court finds that § 216(b) does not require numerosity and that nothing in *Espenscheid* commands a different conclusion.

For purposes of step one, Williams has made the requisite modest factual showing. Specifically, the Court is satisfied that Williams has adequately demonstrated that she and the proposed collective action class are similarly situated since they all worked at the same Matteson Bar Louie where they were forced to participate in the allegedly unlawful tip pool. Consequently, the Court conditionally certifies Williams's collective action.

## CONCLUSION

For the foregoing reasons, Williams's motion for certification of a Rule 23(b)(3) class action (Dkt. No. 49) is denied, but her motion for conditional certification of a FLSA collective

action (Dkt. No. 50) is granted. The Court conditionally certifies a collective action consisting of: "All individuals who were employed as bartenders or another tipped employee position by defendant(s), their predecessors, or their successors anytime from 2016 to the present who participated in a tip pool from which manager(s) received tips."

ENTERED:

Dated: March 20, 2024

Andrea R. Wood
United States District Judge